**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**126th AVENUE LANDFILL, INC.,
and RICHARD L. HAIN, SR.,**

      **Plaintiffs,**

**v.**                                                                                   **Case No. 8:09-cv-307-T-33TBM**

**PINELLAS COUNTY, FLORIDA,**

      **Defendant.**
_____/

## **ORDER**

THIS MATTER is before the court on Defendant's **Motion to Strike** (Doc. 4). By its motion, Defendant seeks an Order striking paragraphs 33 through 39 of the Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(f), on grounds that the allegations therein are impertinent. Plaintiffs have filed a response in opposition (Doc. 11).

Plaintiff, 126th Avenue Landfill, Inc., ("Landfill"), is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Pinellas County, Florida. Plaintiff, Richard L. Hain, Sr. ("Hain"), is a resident of Pinellas County, Florida, and is the sole stockholder of the Landfill. At issue is certain property now owned by Landfill. Defendant, Pinellas County, Florida ("County" or "Defendant") is a political subdivision of the State of Florida and has the power of eminent domain.

According to the allegations in the Complaint, the County issued a permit in December 1987 authorizing the use of the property as a solid waste disposal facility under Pinellas County Permit SW 87-01. The permit was issued to Landfill for a five-year period. After constructing the landfill, Plaintiffs obtained a permit to operate the landfill from the

State of Florida Department of Environmental Regulation in April 1990. Landfill then dedicated its real property for use as a Class III materials lined landfill and solid waste disposal facility for profit and began operation.

In 1992, Landfill sought to renew its solid waste permit, pursuant to Pinellas County Ordinance 82-423(6), the same ordinance under which its original permit had been granted in 1987. By Plaintiffs' account, they complied with all criteria under the original permit, but the County issued a proposed renewal permit in February 1993 that imposed additional criteria and operations not originally required. The County denied the application to renew Plaintiffs' landfill permit in February 1993. According to Plaintiffs, they have not operated the landfill or solid waste facility since that date. They contend that the only viable economic use of the property is for a Class III landfill.

On February 19, 2009, Plaintiffs filed the instant action against the County for "inverse condemnation of real and personal property," in violation of their rights under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs allege that, by failing to renew their landfill permit and causing their operation to cease, the County deprived them of all economically beneficial use of the property without compensation. Plaintiffs contend that the County's termination of their existing permit and failure to renew the permit constituted a "categorical" taking of their property.[1] Plaintiffs seek an Order finding that the County's actions constituted a taking of their property as of February 23, 1993, and a jury

---

[1] A categorical taking is one in which "all economically viable use, i.e., all economic value has been taken by the regulatory imposition." *Maritrans Inc. v. United States*, 342 F.3d 1344, 1351 (Fed. Cir. 2003). Here, Plaintiffs allege a categorical regulatory takings claim under the Fifth Amendment.

2

determination of damages.[2] (Doc. 1). By its answer, Defendant denies any taking. As an affirmative defense, it asserts that, at times between 1987 and 1992, Plaintiffs operated their property as a public and private nuisance and the County's actions to curtail the harmful behaviors to enforce existent laws and to prevent such harmful behaviors were within its regulatory and police powers. (Doc. 5).

By its instant motion, the County seeks an Order, pursuant to Fed. R. Civ. P. 12(f), striking paragraphs 33 through 39 of Plaintiffs' Complaint on grounds that the allegations therein are impertinent. The paragraphs allege as follows:

> 33. From the period 1987 through December 8, 1992, Plaintiff was the only Class III processable land fill facility in Pinellas County other than Defendant's solid waste facility.
>
> 34. Defendant undertook revenue bond refinancing with respect to its solid waste facility and resource recovery plaint in 1990.
>
> 35. After 1990, a severe "gap" arose between projected revenues set forth in the prospectus of Defendant's Resource Revenue Refunding Bonds and Annual Tipping Fee Revenues at

---

[2]The Fifth Amendment prohibits the taking of private property "for public use, without just compensation"-a condition made applicable to the States by the Fourteenth Amendment. U.S. Const. Amend. V; *Palazzolo v. Rhode Island,* 533 U.S. 606, 617 (2001) (noting that the Fourteenth Amendment made the Takings Clause applicable to the States). There are two main categories of taking- a physical taking and a regulatory taking. A physical taking is the "paradigmatic taking" and occurs when a government directly appropriates or physically invades private property. *Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 537 (2005). A regulatory taking occurs when the government passes a regulation pursuant to its police power which has the effect of depriving a landowner of all economically beneficial use of its land. *See Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1015 (1992); *Rymer v. Douglas County,* 764 F.2d 796, 800 (11th Cir. 1985). At issue here is a regulatory taking. A takings claim is ripe if it is alleged that the government action denied it "all economically beneficial or productive use of [its] property," and that it cannot obtain just compensation in a state court proceeding or that available state procedures are inadequate. *Agripost, Inc.,* 195 F.3d at 1231; *see Rymer,* 764 F.2d at 800.

3

   Defendant's resource recovery plant. See graphs attached as
   Exhibit "I" and incorporated into this Complaint.

36.  Defendant's resource recovery plant operated under a
   management agreement which called for penalties of $0.50
   per ton in the event the processable waste received by the
   resource recovery plant of Defendant fell below 795,000
   processable tons per year.

37.  In 1991, Defendant's processable waste at its plant fell to
   791,116 tons. See Exhibit "J" attached herewith and
   incorporated into this Complaint.

38.  Attached hereto are graphic demonstrations of the actual
   tonnage activity and plant capacity as established by
   Defendant's Resource Recovery Revenue Bond Refinancing
   Prospectus of 1990. See Exhibit "K" attached and
   incorporated herein.

39.  Upon closing Plaintiffs' landfill Defendant's Class III
   processable waste nearly doubled from February 1993 to
   March 1992. See Exhibit "L" attached hereto and
   incorporated herein.

(Doc. 1, ¶¶ 33-39). As described by Defendant, these allegations relate solely to alleged "bad motive or bad acts" of the County which Plaintiffs contend were the impetus for the alleged taking. Defendant urges that motive is irrelevant in an action for inverse condemnation and these the allegations should be stricken. As prejudice, it suggests that the allegations will allow for unnecessary discovery. (Doc. 4).

  Plaintiffs counter that the allegations in paragraphs 33 through 39 are relevant and necessary (1) because a defendant's intent "is in issue when there is an allegation of denial of Fifth and Fourteenth Amendment Constitutional rights," (2) to rebut the attendant presumption of good faith which attends all actions of public officials,[3] and (3) to avoid

---

[3] In support of this assertion, Plaintiff cites *W.E. Jackson v. Marine Exploration Co.*, 583 F.2d 1336 (5th Cir. 1978); *Dixon v. Ala. State Bd. of Ed.*, 583 F.2d 1336 (5th Cir. 1961);

4

Defendant's allegation that Plaintiffs' operation constituted a nuisance. As such, Plaintiffs urge the court to deny the motion. (Doc. 11).

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the court has considerable discretion in ruling on a motion to strike, motions to strike are disfavored because of their drastic nature. *See Royal Ins. Co. of Am. v. M/Y Anastasia*, Case No. 95CV60498/RV, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997) (citations omitted). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Ohio Nat'l Life Assurance Corp. v. Langkau*, No. 3:06-cv-290-J-20MCR, 2006 WL 2355571, at *1 (M.D. Fla. Aug. 15, 2006) (quoting *Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999)).

What constitutes impertinent matter within Rule 12(f) depends on the particular case, and "impertinence" consists of statements that do not pertain, and are not necessary, to the issues in question. *See Fantasy Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 711 (1990)), rev'd on other grounds*, Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994). At least one district court has concluded that "the proper test on such motions [to strike impertinent allegations] even as to clearly immaterial matters is whether the allegations are calculated to be harmful."

---

*Furnams v. Santa Rosa Island Auth.*, 377 So.2d 983 (Fla. Dist. Ct. App. 1979); *McCreary County, Ky. v. ACLU of Ky.*, 545 U.S. 844 (2005). (Doc. 11 at 2).

*Avon Publ'g Co. v. Am. News Co.*, 122 F. Supp. 660, 662 (D.C. N.Y. 1954) (citing 2 Moore's Federal Practice (2d ed.) § 12.21[2]); *see also Ammirati v. Bonati, M.D.*, No. 92-1502-civ-T-17T(B), 1994 WL 34175, at *3 (M.D. Fla. Feb. 2, 1994) ("this court will not order allegations stricken from a complaint unless the presence of the allegations in the complaint clearly prejudice the defendant).

Upon consideration, while the County is correct that allegations regarding intent or motive are not necessary to state a claim for a regulatory taking under the Fifth Amendment, the allegations at issue are not unrelated or immaterial to Plaintiff's takings theory. This is all the more true in the face of the County's claim that its actions were necessary because the landfill was a public and private nuisance. The claim of prejudice related to potential unnecessary discovery may be addressed in a different manner and at an appropriate time. In short, at this stage of the proceedings, I cannot conclude that the purposes of Rule 12(f) would be best served by striking the allegations.[4]

Accordingly, for the reasons set forth above, Defendant's **Motion to Strike** (Doc. 4) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 3rd day of June 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[4] Furthermore, it is worth noting that Defendant moved to strike (Doc. 9) these very same allegations from Plaintiffs' reply (Doc. 8) to its affirmative defense and the district judge summarily denied the motion (Doc. 10).