UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

126th AVENUE LANDFILL, INC.,
and RICHARD HAIN, SR.,

    Plaintiffs,
v.                        Case No. 8:09-cv-307-T-33TBM

PINELLAS COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Defendant's Motion for Summary Judgment (Doc. # 33), which was filed on December 18, 2009. Plaintiffs filed a Response in Opposition to Defendant's Motion for Summary Judgment on January 5, 2010 (Doc. # 35), and on January 20, 2010, Plaintiffs filed a Motion for Summary Judgment as to Plaintiffs' Claim of a Categorical Taking as of February 23, 1993 and as to Defendant's Affirmative Defense of Nuisance (Doc. # 41).

    Defendant filed a Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment on February 1, 2010 (Doc. # 44). Thereafter, on February 19, 2010, Plaintiffs filed a Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (Doc. # 47). Plaintiffs also filed a Notice of Supplemental Authority on March 22, 2010 (Doc. # 48) and a Motion to Bifurcate Trial to Provide

Judicial Determination of all issues other than Compensation which Issue Shall be Tried by a Jury (Doc. # 53) on July 7, 2010. Defendant filed a Response thereto on July 9, 2010 (Doc. # 54).

After due consideration, the Court denies both motions for summary judgment and grants the bifurcation motion. The Court will hold a bench trial on the issue of whether a taking has occurred.[1] In the instance that the Court determines that a taking has occurred, the Court will empanel a jury to determine the damages owed to Plaintiffs.

I.  **Factual Background**

Plaintiff Richard Hain owned certain lands in Pinellas County, Florida, which he used as a "borrow pit." (Doc. # 1 at ¶ 6). Hain submits that he was approached by officials of Pinellas County, who suggested to Hain that he should convert his borrow pit into a Class III landfill. (Id.) Thereafter, Hain organized 126th Avenue Landfill Corporation and took steps toward developing a Class III landfill. (Id. at ¶ 8).

Such steps included, but were not limited to, purchasing additional lands, obtaining engineering surveys, environmental studies, and engineering plans for the operation of the

---

[1] Both parties agree that bifurcated proceedings are appropriate in this matter. (Doc. ## 53, 54).

landfill, and finally, applying for a landfill permit. At the time of the application, Pinellas County Resolution 82-423 was in place, and it established a permitting process for the operation and maintenance of solid waste disposal systems. (Doc. # 33, Ex. 1 at ¶¶ 1-3).

Resolution 82-423 states that landfill permits are not renewed automatically but are evaluated under the same criteria for issuance of an initial permit with the additional factor of whether the applicant has operated the facility in compliance with the conditions in the previously approved permit. (Id.)

During the application process, Plaintiffs represented to the Pinellas County Board of County Commissioners that the landfill could be filled within three to five years. (Id. at ¶ 4). On December 7, 1987, Defendant County issued Plaintiffs a landfill permit for a term of five years. (Id. at ¶ 5). The five year permit did not contain an automatic right of renewal. (Id. at ¶ 6).

Plaintiffs' landfill was a Class III materials lined landfill and solid waste disposal facility for profit. In addition, Plaintiffs' landfill operated a Air Curtain Incinerator (ACI) for disposing of yard waste and other "clean wood items" to comply with the Administrative rule of the

3

Department of Environmental Regulation, Rule 17-701(7)(c). Plaintiffs employed a compliance officer, Nicholas Bruno for the landfill and engaged in a recycling program. (Doc. # 41, Ex. 17).

As noted above, during the application process, Hain represented to the County that he would be able to fill the landfill in three to five years. However, after he received the five year permit, several important changes in circumstances occurred. First, the State of Florida began requiring more recycling and conservation of certain items (including brush, land clearing debris, and yard waste) that could not be placed in a Class III landfill. These changes extended the time necessary to completely fill the landfill in accordance with its permitted design and capacity. (Bruno Aff. Doc. # 41, Ex. 17 at ¶ 20).

Second, Defendant, who also owned a solid waste disposal facility in Pinellas County, changed the rules concerning the disposal of construction and demolition debris and Class III solid wastes. (Id.) Defendant's actions directly depleted the amount of such materials available to Plaintiffs to fill their landfill. Defendant also restricted Plaintiffs' access to commercial roll-off containers, thus impacting Plaintiffs' ability to fill their landfill in a five year period. During

4

this time, it appears that Defendant accepted such containers and directly profited from the same.[2]

At the end of the five year period, Plaintiffs' landfill was only 40% full and "required approximately 471,000 cubic yards of compacted fill for landfill closure." (Doc. # 35 at 4). Thus, Plaintiffs applied for a five year extension. On February 23, 1993, Defendant denied Plaintiffs' application for a five year extension of the permit. Thereafter, litigation ensued as discussed below.

## II.  Procedural History

Plaintiffs initiated litigation in the state and federal courts after the denial of their five year extension on February 23, 1993. First, Plaintiffs filed a Petition for Writ of Certiorari in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, under case number 94-4486-CI-11, seeking review of Defendant's refusal to grant a five year extension of the five year permit. (Doc. # 33, Ex. 1). The Petition for Writ of Certiorari was denied by the court, and Plaintiffs did not appeal. (Id. at ¶¶ 15, 21).

Thereafter, Plaintiffs filed an inverse condemnation suit

---

[2] The Court is not certain as to whether, during certain bond proceedings, Defendant covenanted that it would not compete with Plaintiffs' landfill. Further argument is needed on this important point.

in the Pinellas County Circuit Court, and that action was removed to this Court on September 2, 1994, under case number 8:94-cv-1372-T-17EAJ. The parties consented to trial by Magistrate, and Judge Jenkins held a bench trial on the merits of the case in 1996. Judge Jenkins awarded a judgment in Defendant's favor on November 12, 1996.

Plaintiffs appealed on December 6, 1996. On April 8, 1998, the Eleventh Circuit issued a decision without a published opinion reversing and vacating the judgment. 126th Ave. Landfill, Inc. v Pinellas County, No. 96-3743, 138 F.3d 955 (11th Cir. Mar. 6, 1998). The Eleventh Circuit determined that the district court lacked federal subject matter jurisdiction over the case because Plaintiffs failed to exhaust their administrative remedies. Further, the Eleventh Circuit directed the district court to remand the case to state court.

Upon remand, the Pinellas County Circuit Court dismissed the action because Plaintiffs failed to exhaust the County's administrative remedies. Upon review of the dismissal, the Second District Court of Appeal ordered Plaintiffs to exhaust their administrative remedies in the case 126th Avenue Landfill v. Pinellas County, 758 So.2d 721 (Fla. 2nd DCA 2000). (Doc. # 33, Ex. 25). The Second District Court of

Appeal then reversed the dismissal in favor of a stay of the proceedings pending exhaustion of administrative remedies.

Thereafter, Plaintiffs availed themselves of that administrative process, and on August 16, 2005, Plaintiffs were granted a two year Class III Landfill Permit from Defendant. (Doc. # 33, Ex. 1 at ¶ 27; Ex. 2).

After Plaintiffs were granted an additional two years to conduct their landfill business, the Pinellas County Circuit Court lifted the stay and granted summary judgment in Defendant's favor as to Plaintiffs' takings claim. (Doc. # 44-4 at 9). The Florida Second District Court of Appeal affirmed without a published opinion in the case of <u>126th Ave. Landfill v. Pinellas County</u>, 988 So. 2d 632 (Fla. 2nd DCA 2008). Plaintiffs did not appeal.

Plaintiffs thereafter initiated this action by filing a one count complaint for inverse condemnation of property on February 19, 2009. (Doc. # 1). Plaintiffs indicate that "the failure to renew the Petitioners' operational permit caused the premature shut down of the landfill which would cost $7,624,900 to remediate, thus turning an operating landfill into a multi-million dollar liability." (Doc. # 41 at 7). Plaintiffs assert that Defendant's actions constitute a taking and argue that the taking occurred on February 23, 1993.

7

Defendant filed an answer to the complaint on April 14, 2009, in which Defendant asserted the affirmative defense of nuisance (Doc. # 5 at 7).[3] Both sides have filed motions for summary judgment which are ripe for this Court's review.

III. <u>**Summary Judgment Standard**</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

---

[3] Specifically, Defendant indicated, "Plaintiffs, from time to time after 1987 through 1992, operated their premises as a public and private nuisance. These activities include emanating foul odors onto the properties of adjoining neighbors; improper and illegal discharge of leachate; failure to properly cover solid waste; failures to control dust from operations, failure to construct the landfill to prevent ground water pollution, and the discharge of smoke and ash upon adjoining neighbors from the improper management and operation of its ACI. Defendant's actions to curtail such behaviors, to enforce existent laws, and to prevent these behaviors were within its regulatory and police powers." (Doc. # 5 at 7).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'q Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344

F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. <u>Samples ex rel. Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing <u>Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981).

**IV. <u>Analysis</u>**

With the exception of a single affidavit from the Landfill's compliance officer, neither Plaintiffs nor Defendant filed affidavits or deposition transcripts in these proceedings. Rather, they filed a transcript of the bench trial held by Judge Jenkins, state court decisions, copies of ordinances, and other documents.

The Court requires the presentation of evidence and the argument of counsel to determine whether a taking has occurred in this case. The Court cannot make this determination on the present record, and cannot rely on the transcript of the bench

trial held by Judge Jenkins, especially since those proceedings resulted in a reversal by the Eleventh Circuit.

Disputed issues of material fact preclude the entry of summary judgment. For instance, on the present record, the Court is unable to determine whether there are any viable economic uses for the landfill in its present condition. Further, the Court needs testimony and/or documentary evidence in order to determine whether Defendant has engaged in bad-faith conduct that thwarted the purpose of Plaintiffs' landfill business (i.e. restricting Plaintiffs' access to construction materials). In addition, among other issues, the Court must determine whether Plaintiffs' landfill constituted a nuisance, and if so, whether such nuisance extinguished Plaintiffs' takings claim.

The Court has examined the voluminous record before it, and upon due consideration and in an effort to thoroughly and completely examine the matters at issue, determines that a bench trial is the most appropriate vehicle for the determination of whether there has been a taking in this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion for Summary Judgment (Doc. # 33) is **DENIED**.

(2) Plaintiffs' Motion for Summary Judgment as to Plaintiffs' Claim of a Categorical Taking as of February 23, 1993 and as to Defendant's Affirmative Defense of Nuisance (Doc. # 41) is **DENIED**.

(3) Plaintiffs' Motion to Bifurcate Trial to Provide Judicial Determination of all issues other than Compensation which Issue Shall be Tried by a Jury (Doc. # 53) is **GRANTED**.

(4) The Court will schedule the bench trial via separate notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of July 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record