```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

126TH AVENUE LANDFILL, INC., and
RICHARD L. HAIN, SR.,

    Plaintiffs,
v.                               Case No.:  8:09-cv-307-T-33TBM

PINELLAS COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant's Motion for Reconsideration of Denial of Summary Judgment or Alternatively, Motion for Leave to Amend Answer to Raise Affirmative Defenses of Collateral Estoppel and Res Judicata (the "Reconsideration Motion" Doc. # 61), which was filed on July 23, 2010. Plaintiffs filed a Response in Opposition to the Reconsideration Motion on July 26, 2010. (Doc. # 62).  For the reasons that follow, the Court will grant in part and deny in part the Reconsideration Motion.  Specifically, the Court will allow Defendant to amend its answer.

**I.**   **Background**

Plaintiffs initiated this action by filing a one count complaint for inverse condemnation of property on February 19, 2009. (Doc. # 1).  The present action springs from a deep well of prior litigation that has been ongoing since February 23,

1993. Plaintiffs generally argue that "the failure to renew the Petitioners' operational permit caused the premature shut down of the landfill which would cost $7,624,900 to remediate, thus turning an operating landfill into a multi-million dollar liability." (Doc. # 41 at 7). Plaintiffs assert that Defendant's actions constitute a taking and argue that the taking occurred on February 23, 1993.

Defendant filed an answer to the complaint on April 14, 2009 (Doc. # 5), and an amended answer on June 10, 2009 (Doc. # 18) in which Defendant assert the affirmative defense of nuisance.

Both sides filed motions for summary judgment (Doc. ## 33 and 41), and on July 16, 2010, this Court entered an order denying both motions (the "Summary Judgment Order" Doc. # 55). In the Court's Summary Judgment Order, the Court summarized the detailed procedural history of this case, discussed the factual background giving rise to this suit, and determined that a bench trial was needed in order to determine whether a taking occurred as alleged in the complaint. Among other issues, the Court identified the allegation that Defendant acted in bad faith as a factual issue which required the presentation of evidence and testimony. In addition, the Court determined that it needed to hear evidence regarding

-2-

certain covenants of non-competition which Plaintiffs allege Defendant made and then violated.

The Court determined that it was appropriate to bifurcate the proceedings by holding a bench trial on liability and a jury trial on damages, if necessary.

Defendant moves for reconsideration of the Summary Judgment Order, arguing that "the allegations of bad faith raised by Plaintiffs, while appropriate for consideration in a procedural due process case, are inappropriate for consideration in a just compensation claim." (Doc. # 61 at 2). Defendant asserts that Plaintiffs have "not affirmatively pled" a violation of due process, and, therefore, should not be permitted to assert due process arguments. (Id. at 4). Thus, Defendant requests an order of reconsideration granting summary judgment in Defendant's favor.

In the alternative to such an order of reconsideration, Defendant requests an order allowing it to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel.

## II. Legal Standard

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must

demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

**III. <u>Analysis</u>**

Defendant argues that an order of reconsideration is necessary to correct clear error and to prevent manifest injustice. Defendant essentially asserts that the Court, in its Summary Judgment Order, has wrongfully widened the breadth of Plaintiffs' complaint from a takings case to a due process case because the Court has indicated that it will entertain Plaintiffs' bad faith arguments. Defendant asserts that the Court should not consider Defendant's actions prior to the permit denial.

However, if the Court determines that it will consider Plaintiffs' bad faith arguments, Defendant seeks an order allowing it to amend its answer to assert affirmative defenses responsive to Plaintiffs' bad faith arguments and other due process related issues.

The Court has carefully reviewed the cases cited by Defendant for the proposition that the Court should not consider Plaintiffs' bad faith arguments. Specifically, the Court has considered <u>Lingle v. Chevron U.S.A., Inc.</u>, 544 U.S. 528, 531, 540 (2005), <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 197 (1985), and <u>Agripost, Inc. v. Miami-Dade County</u>, 195 F.3d 1225, 1229 (11th Cir. 1999). However, in reviewing these cases in conjunction with the

-5-

parties' submissions, the Court has not been persuaded that consideration of Plaintiffs' bad faith arguments is inappropriate in this takings case where Defendant has employed the affirmative defense of nuisance.[1]

Accordingly, the Court will deny the Reconsideration Motion in part. In an abundance of fairness to Defendant, the Court will allow Defendant to amend its answer to include additional affirmative defenses. Such amendment is untimely under the Court's Case Management and Scheduling Order. Nevertheless, due to the complexity of this case and in an effort to fully and finally adjudicate all legal issues between the parties, such amendment of the answer is justified.[2]

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

---

[1] Of course, during the bench trial of these complex issues of Constitutional law, the Court will keep an open mind. If, during the bench trial, Defendant is able to persuade the Court that Plaintiffs' bad faith arguments are irrelevant to Plaintiffs' takings claim, the Court will issue its final decision accordingly.

[2] Further, in exercising its discretion to allow amendment of the answer over Plaintiffs' objection, the Court is guided by the principles enunciated in Foman v. Davis, 371 U.S. 178, 182 (1962), particularly that the opportunity to amend should be freely given.

Defendant's Motion for Reconsideration of Denial of Summary Judgment or Alternatively, Motion for Leave to Amend Answer to Raise Affirmative Defenses of Collateral Estoppel and Res Judicata (Doc. # 61) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent that the Court will permit Defendant to file a second amended answer within five days of the date of this Order. The Reconsideration Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of July 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record