UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

126TH AVENUE LANDFILL, INC.
and RICHARD HAIN,

       Plaintiffs,      Case No.: 8:09-cv-307-T-33TBM

v.

PINELLAS COUNTY, FLORIDA,

       Defendant.

_____/

## <u>ORDER</u>

This matter comes before the Court pursuant to Defendant's Motion that the Court take Judicial Notice of Pleadings, Orders and Opinions (Doc. # 76), which was filed on August 2, 2010. Plaintiffs filed a Response in Opposition to the Motion on August 6, 2010 (Doc. # 91). For the reasons stated herein, Defendant's Motion is due to be **GRANTED**.

Pursuant to Federal Rule of Evidence 201, Defendant requests that the Court take judicial notice of the following:

1) Plaintiffs' Amended Writ of Certiorari in the case captioned <u>126th Avenue Landfill, Inc., et al. v. Pinellas County</u>, 93-1004-CI-88A, filed in the 6th Judicial Circuit, in and for Pinellas County, Florida and the Order of the Circuit Court ruling on Plaintiffs' Amended Writ of Certiorari;

-1-

2)   Plaintiffs' Petition for Inverse Condemnation in the case captioned <u>126th Avenue Landfill, Inc. et al. v. Pinellas County</u>, 94-4486-CI-11, filed in the 6th Judicial Circuit, in and for Pinellas County, Florida;

3)   Defendant's Motion to Dismiss filed in the case captioned <u>126th Avenue Landfill, Inc. et al. v. Pinellas County</u>, 94-4486-CI-11, filed in the 6th Judicial Circuit, in and for Pinellas County, Florida;

4)   Defendant's Notice of Removal filed in the case captioned <u>126th Avenue Landfill, Inc. et al. v. Pinellas County</u>, 94-4486-CI-11, filed in the 6th Judicial Circuit, in and for Pinellas County, Florida;

5)   Defendant's Answer and Affirmative Defenses filed in the case captioned <u>126th Avenue Landfill, Inc. et al. v. Pinellas County</u>, 8:94-cv-1372-T-EAJ, filed in the United States District Court for the Middle District of Florida;

6)   The November 7, 1996, Order of United States Magistrate Judge Elizabeth A. Jenkins, filed in the case captioned <u>126th Avenue Landfill, Inc. et al. v. Pinellas County</u>, 8:94-cv-1372-T-EAJ;

7)   The November 12, 1996, Judgment issued in the case captioned <u>126th Avenue Landfill, Inc. et al. v. Pinellas County</u>, 8:94-cv-1372-T-EAJ;

8)   Plaintiffs' Notice of Appeal filed in the case captioned
     <u>126th Avenue Landfill, Inc. et al. v. Pinellas County</u>,
     8:94-cv-1372-T-17EAJ;

9)   The March 6, 1998, Order of the United States Court of
     Appeals for the Eleventh Circuit in the case captioned
     <u>126th Avenue Landfill, Inc. et al. v. Pinellas County</u>,
     96-3743;

10)  The March 6, 1998, Judgment of the United States Court of
     Appeals for the Eleventh Circuit vacating the District
     Court Judgment and remanding the case to the District
     Court with Instructions;

11)  The April 20, 1999, Order of Judge Ray E. Ulmer, Jr.,
     Circuit Court Judge, in the case captioned <u>126th Avenue</u>
     <u>Landfill, Inc. et al. v. Pinellas County</u>, 94-4486-CI-11,
     filed in the 6th Judicial Circuit, in and for Pinellas
     County, Florida;

12)  Plaintiffs' May 3, 1999, Notice of Appeal filed in the
     case captioned <u>126th Avenue Landfill, Inc. et al. v.</u>
     <u>Pinellas County</u>, 94-4486-CI-11, filed in the 6th Judicial
     Circuit, in and for Pinellas County, Florida;

13)  The April 19, 2000, Opinion of the Second District Court
     of Appeal of Florida, filed in the case captioned <u>126th</u>
     <u>Avenue Landfill, Inc. et al. v. Pinellas County</u>, 2D99-

-3-

1861, (published at 758 So.2d 721 (Fla. 2nd DCA 2000));
and

14)   The August 16, 2007, Order granting Defendant's Motion
      for Summary Judgment entered by Walt Logan, Circuit Court
      Judge, in the case captioned <u>126th Avenue Landfill, Inc.
      et al. v. Pinellas County</u>, 94-4486-CI-11, filed in the
      6th Judicial Circuit, in and for Pinellas County,
      Florida.

## **Analysis**

Rule 201(d) of the Federal Rules of Evidence states, "A
court shall take judicial notice if requested by a party and
supplied with the necessary information."   In this case,
Defendant has supplied the Court with a copy of each document
that it requests the Court judicially notice.

The Court may take judicial notice of another court's
order "for the limited purpose of recognizing the 'judicial
act' that the order represents or the subject matter of the
litigation." <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th
Cir. 1994).   Accordingly, the Court takes judicial notice of
the fact that the aforementioned proceedings occurred, and
notes the subject matter thereof.   The Court does not take
judicial notice of any factual findings, arguments, or legal

conclusions advanced within these documents.[1]

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion that the Court take Judicial Notice of Pleadings, Orders and Opinions (Doc. # 76) is **GRANTED** consistent with the foregoing.

**DONE** and **ORDERED** in chambers in Tampa, Florida, this <u>11th</u> day of August 2010.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

---

[1] As stated in <u>Jones</u>, 29 F.3d at 1553:

In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, <u>Federal Practice and Procedure: Evidence</u> § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. <u>Id</u>. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. <u>Id</u>. Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.