UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

126TH AVENUE LANDFILL, INC.
and RICHARD HAIN,

      Plaintiffs,      Case No.: 8:09-cv-307-T-33TBM
v.

PINELLAS COUNTY, FLORIDA,

      Defendant.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant's Amended Motion in Limine to Strike or Limit Certain Testimony, Evidence, and Argument by Plaintiffs (Doc. # 82), which was filed on August 2, 2010. Plaintiffs filed a Response in Opposition to the Motion on August 5, 2010. (Doc. # 88). In addition, on August 2, 2010, Plaintiffs filed a Motion in Limine to Allow Former Testimony to be Introduced in Evidence. (Doc. # 83). Plaintiffs' Motion addresses some of the issues raised in Defendant's Motion, and therefore, the Court will consider these Motions together.

    For the reasons stated herein, Defendant's Motion is due to be preliminarily denied, and Plaintiffs' Motion is due to be preliminarily granted.

-1-

I. <u>Analysis</u>

Defendant seeks an Order barring (1) testimony, evidence, and argument that Plaintiffs had a vested property interest in the granting of a landfill permit upon the expiration of Plaintiffs' existing permit (or the granting of a renewal permit); (2) testimony, evidence, and argument of alleged wrongdoing by Pinellas County during the permitting operations of the landfill which were raised in 126th Avenue Landfill, Inc.'s Amended Petition for Writ of Certiorari; (3) argument, testimony, and evidence that Plaintiffs were not required to exhaust administrative remedies and state law remedies or that exhaustion of the same would be futile; and (4) presentation of Plaintiffs' deceased expert witnesses' testimony from prior court proceedings.

In response, Plaintiffs generally argue that Defendant's Motion "does not comport with the purpose of an in limine motion" and that "Defendant's [sic] seek to have this Court exclude evidence and testimony directly relevant to Plaintiffs' prima facie case." (Doc. # 88 at 1).[1]   In addition, Plaintiffs assert that admission of the deceased

---

[1] During the pretrial conference, this Court requested that the parties submit these matters to the Court via motions in limine, and therefore, the Court rejects Plaintiffs' argument that the Defendant's Motion does not comport with the purpose of a motion in limine.

experts' testimony is appropriate under the circumstances of this case.

The Court will address the issues raised in the parties' submissions as follows.

A.   **Evidence Concerning Plaintiffs' "Vested" Property Interest**

Defendant argues that collateral estoppel, res judicata, and the <u>Rooker-Feldman</u> doctrine bar Plaintiffs from presenting evidence, testimony, or argument that Plaintiffs had a vested property interest in the granting of a landfill permit upon the expiration of Plaintiffs' existing permit (or the granting of a renewal permit).  Defendant indicates that "Plaintiffs previously litigated their takings claims in state court and the court found that Plaintiffs did not have a vested property interest in the continued operation of their landfill after February 23, 1993." (Doc. # 78).[2]

_____

[2] The <u>Agripost, Inc. v. Miami-Dade County</u>, 195 F.3d 1225 (11th Cir. 1999) court has held:

> Although res judicata, collateral estoppel, and <u>Rooker-Feldman</u> are separate doctrines, they have a close affinity to one another.  In considering whether to give preclusive effect to state court judgments, federal courts must apply the State's law of collateral estoppel. Under res judicata, a final judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised.  Collateral

Plaintiffs have not challenged Defendant's collateral estoppel, res judicata, and Rooker-Feldman doctrine arguments concerning whether Plaintiffs had a vested interest in the renewal of the permit. In addition, Plaintiffs have not asserted in their trial brief, or any other submission, that they had a vested interest in the renewal of their permit.

However, Defendant has asserted as the cornerstone of its Motion in Limine that "the only issues for this Court's consideration are (a) whether Plaintiffs had a vested property interest in a Class III landfill permit after the expiration of their original 5-year permit; and (b) whether the final decision of Pinellas County deprived Plaintiffs of all economically beneficial use of the property." (Doc. # 82 at 12).

---

estoppel bars identical parties from relitigating issues that were actually adjudicated in a prior proceeding. Under the Rooker-Feldman doctrine, only the United States Supreme Court has the authority to review a final state court judgment that unambiguously disposes of a federal constitutional claim. The doctrine not only bars review of claims that were actually litigated in state court, but also bars those that are inextricably intertwined with the state court judgment. A federal claim is intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Id. at 1229 n. 7 (internal citations omitted).

-4-

The Court is unpersuaded by Defendant's conflicting arguments. Defendant argues both that the issue of whether Plaintiffs had certain vested property rights was fully and finally decided by the state court (and that this Court cannot revisit the issue) and that the issue of whether Plaintiffs had certain vested property rights is one of the most important legal issues that must be decided by this Court.[3]

It seems unfair to bar Plaintiffs from presenting evidence on one of the paramount issues to be decided by the Court during the bench trial. Accordingly, the Court preliminarily denies Defendant's request for an order barring Plaintiffs from arguing and presenting evidence in favor of their contention that they had a vested interest in the renewal of their permit.

During the bench trial, Defendant will be given an opportunity to explain to this Court how the aforementioned preclusive doctrines of collateral estoppel, res judicata, and Rooker-Feldman apply to Plaintiffs' claims.

---

[3] It should also be noted that the parties listed as a factual issue to be tried by the Court in the pretrial statement: "Whether or not Plaintiffs had a vested property interest in a landfill permit after the expiration of the original Class III landfill permit." (Doc. # 58 at 43).

**B.**  **Evidence Concerning Alleged Wrongdoing by Pinellas County During Permitting Process**

Defendant argues that Plaintiffs' purported evidence that Defendant acted in bad faith or engaged in acts of wrongdoing in the permitting process should be excluded under the doctrine of collateral estoppel and also because such evidence is not relevant.

Defendant indicates that Plaintiffs argued in the state court that Defendant engaged in wrongdoing, and the state court rejected those contentions on the merits.  Also, as noted above, Defendant remarks that the only issues for this Court's consideration are "(a) whether Plaintiffs had a vested property interest in a Class III landfill permit after the expiration of their original 5-year permit; and (b) whether the final decision of Pinellas County deprived Plaintiffs of all economically beneficial use of the property." (Doc. # 82 at 12).  Thus, Defendant argues, external issues, such as Defendant's conduct during the permitting process, are not relevant.

Plaintiffs have not presented any argument in response to Defendant's request to curtail Plaintiffs' ability to present evidence of bad faith or improper actions during the permitting process.  Nevertheless, in an abundance of caution

-6-

and fairness to Plaintiffs, the Court will allow Plaintiffs to present evidence on these issues.  However, the Court will consider any proper objections to the presentation of such evidence during the bench trial, and as stated above, Defendant will have the opportunity, during the bench trial, to present its legal arguments on this point to the Court.

C. **Evidence that Plaintiffs were not Required to Exhaust Administrative and State Law Remedies**

Defendant is concerned that Plaintiffs are making a last-minute effort to clandestinely amend their complaint on the eve of the bench trial.  Specifically, Defendant notes that Plaintiffs alleged in their complaint that they have exhausted "administrative remedies pursuant to Pinellas County Land Development Code (PCLDC) Section 134-121 et seq." and "all state judicial remedies." (Doc. # 1 at ¶ 42).

Defendant points out that Plaintiffs submitted in the pretrial statement "that the local and state administrative and judicial remedies were inadequate in that they failed to provide compensation to Plaintiffs from and after February 23, 1993, for a categorical taking of their property interest." (Doc. # 58 at 1).  Defendant contends that Plaintiffs' remarks about exhaustion of remedies in the pretrial statement comprise a procedurally defective attempt at broadening the

scope of Plaintiffs' complaint prior to trial.

The Court is able to harmonize Plaintiffs' submissions. Plaintiffs correctly alleged in the complaint that they have exhausted administrative and state judicial remedies. The voluminous file before this Court (including court records subject to judicial notice) attests to Plaintiffs' exhaustion of administrative and state judicial remedies.

Now that Plaintiffs have gone through the lengthy process of exhausting these alternative remedies, Plaintiffs are before this Court for a final adjudication of their constitutional rights. The Court does not perceive Plaintiffs' argument concerning the inadequacy or futility of state and administrative remedies as contrarian. As explained by Plaintiffs in their trial brief, "Plaintiffs are challenging the adequacy of the state and local proceedings to provide for the payment of just compensation following a categorical taking of Plaintiffs' property." (Doc. # 84 at 7).

The Court will not bar Plaintiffs from presenting evidence that pertains to the essence of their constitutional claims on the basis of Defendant's motion in limine.

D.   **Former Testimony**

During of the trial of this case before Magistrate Judge Jenkins, Plaintiffs presented the testimony of Roger Birks,

-8-

Fred Engleman, P.E., Bert Fowler, and Margaret S. Murray, Ph.D. Plaintiffs assert that it is appropriate for the Court to consider the former testimony of the aforementioned witnesses during the upcoming bench trial in this case because each of these witnesses has passed away since the proceedings before Judge Jenkins.

Defendant opposes Plaintiffs' proffer of this former testimony. Defendant asserts that it did not have an adequate opportunity to cross examine the deceased witnesses because the facts of this case have changed since the trial before Judge Jenkins. In addition, Defendant argues that the testimony at hand should be excluded as unreliable and unfairly prejudicial.

1. **Former Testimony Under 804(b)(1), Fed. R. Evid. Analysis**

The Court will begin its analysis with Rule 804(b)(1) of the Federal Rules of Evidence, the hearsay exception for former testimony when the declarant is unavailable. That rule states:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or in a civil action or proceeding, a predecessor in

> interest, had an opportunity and similar motive to
> develop the testimony by direct, cross, or redirect
> examination.

804(b)(1), Fed. R. Evid.

Defendant does not contest that the witnesses are unavailable; however, Defendant does dispute the applicability of the Rule because, after the trial before Judge Jenkins, Plaintiffs were granted an additional two year permit to operate as a landfill. Thus, Defendant argues, the testimony of the aforementioned witnesses regarding the economically viable uses of Plaintiffs' property on or after February 23, 1993, is no longer applicable to the facts of this case.

Along these lines, Defendant further notes that it "did not have either an adequate or meaningful opportunity to cross-examine Plaintiffs' witnesses because Defendant could not cross-examine regarding subsequent occurrences and the impact of those subsequent occurrences upon the experts' opinions." (Doc. # 82 at 17).

The Court agrees that some of the facts have changed since the witnesses offered testimony in the trial before Judge Jenkins. Nevertheless, the Court determines that Defendant's motive in the prior trial is the same as in the present trial: to defeat Plaintiffs' takings claim. Further, the Court finds that Defendant had an adequate opportunity to

cross examine Plaintiffs' deceased witnesses.

Accordingly, the Court determines that Plaintiffs' deceased witnesses pass muster under Rule 804(b)(1). However, this determination, that the testimony in question is not due to be excluded as hearsay, is only the first step of the former testimony analysis. The Court will also entertain Defendant's arguments that the testimony of the deceased witnesses is not trustworthy and unfairly prejudicial.

## 2.   Trustworthiness Analysis

Defendant indicates that it is not certain what testimony Plaintiffs seek to admit because Plaintiffs failed to provide page and line designations for some of the prior testimony in question.[4]

Defendant further indicates that the testimony at issue is not trustworthy because "the exhibits to the testimony were not affixed to the transcript. . . . Without the original trial record being made available to the Court and Defendant, any witness testimony referring to exhibits or discussing

---

[4] Plaintiffs shall immediately supplement the pretrial statement with this information if Plaintiffs seek admission of any former testimony during the bench trial. The Court will not permit Plaintiffs to present any former testimony without page and line designations provided to opposing counsel and the Court with at least 24 hours prior notice.

exhibits is incomplete and cannot be placed into context."
(Doc. # 82 at 18).  In support of this argument, Defendant
relies upon Rule 106 of the Federal Rules of Evidence, which
states: "When a writing or recorded statement or part thereof
is introduced by a party, an adverse party may require the
introduction at that time of any other part or any other
writing or recorded statement which ought in fairness be
considered contemporaneously with it."

Plaintiffs have not specifically responded to Defendant's
trustworthiness and completeness arguments.  Plaintiffs
submit: "The expert opinions are trustworthy and made in
closest proximity to the event.  The passage of time is
irrelevant since the opinions relate to the event date in
Plaintiffs' complaint." (Doc. # 88 at 2).  Plaintiffs also
contend that the issues raised by Defendant "go to the weight
[and] not the admissibility of Plaintiffs' expert testimony or
reports." (Doc. # 88 at 3).

The Court has not been apprised by Plaintiffs as to
whether Plaintiffs have the exhibits to which Defendant
refers.  The Court determines that the trustworthiness
concerns cited by Defendant do not justify the complete
exclusion of Plaintiffs' experts.  For instance, Plaintiffs
may rely on expert testimony that is not tethered to an

exhibit.  Likewise, Plaintiffs may have in their possession the exhibits in questions.  The Court will reserve ruling on this discrete point until the bench trial, if and when the issue arises.

### 3.   **Rule 403, Fed. R. Evid. Analysis**

Defendant also argues that the former testimony of the deceased experts should be excluded as unfairly prejudicial pursuant to Rule 403 of the Federal Rules of Evidence, which states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Since this portion of the case is set for a bench trial, rather than a jury trial, the Court determines that Rule 403 is tenuously applicable, if at all.  As stated by the Eleventh Circuit in <u>Woods v. United States</u>, 200 F. App'x 848 (11th Cir. 2006):

> [T]he part of Rule 403 that authorizes exclusion of evidence because of its unfair prejudicial impact has no logical relationship to bench trials.  Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity.  Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision.

Id. at 853.

Defendant specifically contends that Dr. Murray, Mr. Engleman, and Mr. Fowler's prior testimony concerning the economically viable use of Plaintiffs' property after February 23, 1993, "has de minimis probative value while the danger of unfair prejudice is substantial." (Doc. # 82 at 19). Defendant's primary argument is that Plaintiffs were given an additional two years to operate as a landfill after the deceased witnesses gave their testimony, and thus, such testimony is no longer factually valid.

The Court disagrees and determines that it will be able to place the experts' testimony into the context of later factual developments. Thus, the Court determines that it is not appropriate to exclude Plaintiffs' deceased experts on the basis of Rule 403.[5]

## II. **Conclusion**

Accordingly, and for the reasons stated above, the Court preliminarily denies Defendant's Motion in Limine and preliminarily grants Plaintiffs' Motion in Limine.

Accordingly, it is now

---

[5] The Court agrees with Plaintiffs that a majority of the matters raised by Defendant in the Motion in Limine, including Defendant's various Rule 702, Fed. R. Evid., arguments, pertain to the "weight [and] not the admissibility of Plaintiffs' expert testimony and reports." (Doc. # 88 at 3).

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    Defendant's Amended Motion in Limine to Strike or Limit Certain Testimony, Evidence, and argument by Plaintiffs (Doc. # 82) is preliminarily **DENIED.**

(2)    Plaintiffs' Motion in Limine to Allow Former Testimony to be Introduced in Evidence (Doc. # 83) is preliminarily **GRANTED.**

**DONE** and **ORDERED** in chambers in Tampa, Florida, this <u>16th</u> day of August 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies To:

All Counsel of Record