```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION


126TH AVENUE LANDFILL, INC.
and RICHARD HAIN,

        Plaintiffs,         Case No.: 8:09-cv-307-T-33TBM
v.

PINELLAS COUNTY, FLORIDA,

        Defendant.
_____/
```

### ORDER

This matter comes before the Court pursuant to Plaintiffs' Motion to Strike Defendant's Defense of Res Judicata as Insufficient as a Matter of Law (Doc. # 80), which was filed on August 2, 2010. Defendant filed a Response in Opposition to the Motion on August 16, 2010. (Doc. # 97). For the reasons that follow, the Motion will be denied.

### Discussion

On August 2, 2010, with leave of Court, Defendant filed its Second Amended Answer (Doc. # 74). Therein, Defendant lists as an affirmative defense, *inter alia*, Res Judicata. Plaintiffs move to strike this defense as insufficient under Rule 12(f) of the Federal Rules of Civil Procedure.

Although Plaintiffs move to strike the defense under Rule 12(f), the Court will begin its discussion with Rule 8 of the

-1-

Federal Rules of Civil Procedure. Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed.R.Civ.P., requires that a party "state in short plain terms its defenses to each claim asserted against it." Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defenses and the grounds upon which it rests. <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 553 (2007).

Defendant's description of its defenses satisfies Rule 8. In addition, the Court declines to strike Defendant's Res Judicata defense under Rule 12(f), Fed.R.Civ.P.

Rule 12(f) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their draconian nature. <u>See</u> <u>Royal Ins. Co. of Am. v. M/Y Anastasia</u>, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in <u>Fla. Software Sys. v. Columbia/HCA Healthcare Corp.</u>, No. 8:97-cv-2866-T-17B, 1999 U.S. Dist. LEXIS 15294 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that

the Defendant cannot succeed under any set of facts which it could prove." Id. at *4.  Further, "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike." Id.

In this case, the Court determines that Defendant's Res Judicata defense survives Plaintiffs' Rule 12(f) attack.  In so finding, the Court determines only that, by raising Res Judicata, Defendant has put into issue relevant and substantial legal and factual questions.  However, such finding does not necessarily mean that the Court will rule in favor of Defendant on this specific defense.

During the bench trial, Defendant will be given an opportunity to argue to the Court why any decision on the merits, rendered by a court of competent jurisdiction, should be afforded Res Judicata effect in this case.  Likewise, Plaintiffs will be given an opportunity to argue against the application of the Res Judicata doctrine as it applies to their claims against Defendant.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Strike Defendant's Defense of Res Judicata as Insufficient as a Matter of Law (Doc. # 80) is

**DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of August 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel of Record